# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE TAJRAN; DEENA TAJRAN,<br><br>                      Plaintiffs,<br><br>v.<br><br>ESTATE OF IRENE MCDONALD, Deceased; KEITH JOHNSON,<br><br>                      Defendants. | Case No. 19-cv-1290-BAS-KSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND (ECF No. 2)** |

      Presently before the Court is Plaintiffs Mike Tajran and Deena Tajran's motion to remand this action to state court. (ECF No. 2.) Defendants removed this matter based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(b). (ECF No. 1.) Plaintiffs argue remand is appropriate because removal was untimely and Defendants failed to demonstrate complete diversity of citizenship. (ECF No. 2.) Plaintiffs also seek an award of attorney's fees because they believe Defendants lacked an objective basis for removal. (*Id.*) Defendants oppose. (ECF No. 4.)

      The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). The Court concludes remand is appropriate but declines to award attorney's fees. Hence, for the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion to remand.

# I. BACKGROUND

Plaintiffs allege that on January 17, 2017, Mike Tajran and Irene McDonald were involved in a car accident in San Diego, California. (First Am. Compl. 4.[1]) Mike Tajran allegedly suffered significant injuries, including a loss of mental competency. (*Id.* at 3–6.)

On December 18, 2018, Plaintiffs commenced this action in the San Diego County Superior Court. (Compl. 1.) Plaintiffs used a form personal injury complaint from the Judicial Council of California for their pleading. (*Id.*) This Complaint names Irene McDonald as the defendant and pleads standardized claims on behalf of Mike Tajran for general negligence and injury by a motor vehicle. (*Id.* at 1, 4–5.) The Complaint also includes a loss of consortium claim by Deena Tajran. (*Id.* at 6.)

Plaintiffs' counsel submits a declaration stating that, unbeknownst to Plaintiffs, Irene McDonald passed away several days before Plaintiffs filed their Complaint. (Nuñez Decl. ¶ 2, ECF No. 2-2.) Plaintiffs' counsel later received a courtesy copy of a notice to creditors of a probate action in Washington state court naming Keith Johnson as the personal representative of McDonald's estate. (*Id.*)

On April 18, 2019, Plaintiffs filed a First Amended Complaint to substitute the "Estate of Irene McDonald, Deceased" ("Estate Defendant") in place of McDonald. (First Am. Compl. 1.) Plaintiffs used the same form complaint for this amended pleading. The form includes a statement alleging that "[e]ach defendant named above is a natural person" unless one of several boxes is checked to provide otherwise. (*Id.* at 2.) Plaintiffs checked a box to identify the Estate Defendant as

---

[1] The Court cites to the background documents' original page numbers. These documents are found in a single docket entry that contains repetitive pages. For ease of reference, the Court identifies the location of each item by its imprinted electronic case filing page numbers below:

| Complaint | ECF No. 1, at 4–9 |
|---|---|
| First Amended Complaint | ECF No. 1, at 25–30 |
| Order on Ex Parte Application to Add Personal Representative | ECF No. 1, at 33 |
| Proof of Service of Summons on AAA | ECF No. 1, at 44–47 |

"other (*specify*)." (*Id.*) In the form's accompanying blank box, Plaintiffs typed, "Pursuant to Probate Code § 550 et seq." (*Id.*) In addition, following common practice in California, Plaintiffs included unknown doe defendants in the First Amended Complaint. (*Id.* at 2–3.)

On May 21, 2019, Plaintiffs filed an ex parte application to add Keith Johnson—McDonald's estate's representative—to the First Amended Complaint pursuant to California Code of Civil Procedure § 377.41.[2] (*See* Order on Ex Parte Application to Add Personal Representative.) Shortly thereafter, the state court issued an order adding Johnson to the pleading "as Doe 6." (*Id.*; *see also* Nuñez Decl. ¶ 3.)

On May 31, 2019, Plaintiffs attempted to serve the Estate Defendant by serving McDonald's liability insurer, the Automobile Club of Southern California ("AAA"). (*See* Proof of Service of Summons on AAA.) On July 10, 2019, the Estate Defendant and Johnson filed a joint Notice of Removal. (Notice of Removal, ECF No. 1.) Although the Notice alleges May 31, 2019, is the service date for the Estate Defendant, the Notice does not allege whether—or when—Johnson was served. (*See id.* ¶ 4.) Nor does the Notice include any other allegations regarding the timeliness of removal. (*See id.* ¶¶ 1–6.)

The Notice alleges diversity jurisdiction is proper because the amount in controversy exceeds $75,000 and complete diversity of citizenship exists. (Notice of Removal ¶ 5.) Defendants allege Plaintiffs are citizens of California; the Estate Defendant "is a citizen of the State of Washington, as the place of domicile when Irene McDonald passed away"; and Johnson "likewise is a citizen of Washington as the legal representative of decedent's estate." (*Id.* ¶ 6.)

---

[2] *See Grappo v. McMills*, 11 Cal. App. 5th 996, 1004 (2017) ("When a defendant in a pending action dies, the action may be prosecuted against the decedent's personal representative. Pursuant to Code of Civil Procedure section 377.41, the court shall allow a pending action that does not abate to be continued against the decedent's personal representative or, to the extent provided by statute, against the decedent's successor in interest.").

Plaintiffs filed their motion to remand on August 9, 2019. (Mot., ECF No. 2.) Then, without leave of court, Defendants filed an Amended Notice of Removal on August 19, 2019. (Am. Notice of Removal, ECF No. 4.) The Amended Notice alleges that "Johnson was personally served with the First Amended Complaint" on June 19, 2019—less than thirty days before the original Notice was filed. (*Id.* ¶ 5.) Defendants' counsel explains that the original Notice "was mistakenly filed without attaching the summons to Defendant Keith Johnson" due to a "clerical error by [counsel's] office."[3] (Holnagel Decl. ¶ 1, ECF No. 4-3.) The Amended Notice includes the same allegations regarding diversity jurisdiction. (*See* Am. Notice of Removal ¶¶ 6–7.) Defendants also filed an opposition to Plaintiffs' motion to remand. (Opp'n, ECF No. 4-2.)

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The 'strong presumption' against removal jurisdiction means that the defendant always has the

---

[3] This explanation does not address why the Notice itself lacked any allegations regarding timeliness of removal or service on Johnson. Further, although the Amended Notice alleges the proof of service for Johnson is attached as Exhibit E, there is no Exhibit E attached to the filing. (*See* ECF No. 4.)

burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380.

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). The propriety of removal turns on whether the case could have originally been filed in federal court, *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997), and the court's analysis focuses on the pleadings "as of the time the complaint is filed and removal is effected," *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

## III. ANALYSIS

Plaintiffs raise two arguments to justify remanding this action to state court. First, Plaintiffs argue removal was untimely because Defendants filed their Notice of Removal more than thirty days after the Estate Defendant was served. (*See* Mot. 1:25–28; Pl.'s Mem. 3:13–22.) Second, Plaintiffs argue Defendants failed to demonstrate in their Notice that complete diversity of citizenship exists. (Pl.'s Mem. 3:23–4:28.) The Court focuses on the diversity issue because it is dispositive.[4]

---

[4] As for the timeliness issue, the thirty-day deadline to remove a case begins to run on the date formal service is effected. 28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). In addition, in a multi-party suit where the parties are served at different times, "each defendant shall have 30 days after . . . service on that defendant . . . to file the notice of removal." 28 U.S.C. § 1446 (b)(2)(B). In other words, the deadline to remove a multi-party suit can be as late as thirty days after the latest date of service on a defendant. Assuming Plaintiffs served Johnson on June 19, 2019, *see infra* note 3, Johnson had the right to remove the case for thirty days from that date. Therefore, although the Estate Defendant's time to remove the case had since expired, the joint Notice of Removal filed on July 10, 2019, is timely.

That said, a notice of removal must "contain[ ] a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Defendants' Notice does not demonstrate removal was timely. And although they filed an Amended Notice to add the missing allegation regarding service on Johnson, Defendants did so without leave of court and outside Johnson's thirty-day removal period. *See Prado v. Dart Container Corp. of Cal.*, 373 F. Supp. 3d 1281, 1287 (N.D. Cal. 2019) ("After the 30-day removal period has run, 'the removal petition cannot be thereafter amended to add

Diversity jurisdiction exists where an action is between "citizens of different States" and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "When an action is removed based on diversity, complete diversity must exist at removal." *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986) (citing *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985)). Complete diversity exists where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). When removing a case, defendants are "merely required to allege (not to prove)" the citizenship of the parties. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

To recap, there are four parties named in the First Amended Complaint: Plaintiff Mike Tajran, Plaintiff Deena Tajran, Defendant Keith Johnson, and Defendant Estate of Irene McDonald, Deceased. The Notice of Removal alleges Mike Tajran and Deena Tajran are "citizen[s] of the State of California." (Notice of Removal ¶ 6.) This allegation adequately establishes their citizenship. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019).

Further, the Notice alleges Defendant Keith Johnson is the legal representative of Irene McDonald's estate. (Notice of Removal ¶ 6.) Under 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." The Notice alleges McDonald was domiciled in Washington when she passed away, (Notice of Removal ¶ 6), making her a citizen of Washington, *see Ehrman*, 932 F.3d at 1227. Hence, Johnson is likewise a citizen of Washington. *See* 28 U.S.C. § 1332(c)(2).

Defendants allege the remaining party, the Estate Defendant, is also a citizen of Washington, which—if true—would establish complete diversity. (*See* Notice of Removal ¶ 6.) Plaintiffs, however, attack the sufficiency of this allegation. They

---

allegations of substance but solely to clarify "defective" allegations of jurisdiction previously made.'" (citation omitted)).

argue the Estate Defendant is not the real party defendant because they are suing it under California Probate Code § 550. (*See* Pl.'s Mem. 3:12–4:28 (identifying AAA as the "real party in interest"); *see also* First Am. Compl. 2 (suing the Estate Defendant under "Probate Code § 550 et seq.").) As explained below, this statute allows a plaintiff to sue a decedent's estate as a nominal defendant to pursue only the benefits of the decedent's liability insurance policy. Thus, Plaintiffs argue McDonald's insurer is the real party defendant, and Defendants therefore should have alleged the citizenship of this insurer in their Notice of Removal. (*See* Pl.'s Mem. 4:13–28.)

To resolve this argument, the Court first reviews diversity jurisdiction principles concerning real parties and direct actions against liability insurers. The Court then turns to the framework established in California Probate Code §§ 550–55. Finally, the Court determines whether McDonald's insurer's citizenship should be examined for assessing complete diversity of citizenship.

### A. Real Parties and Direct Actions

"In assessing diversity jurisdiction, courts look to the real parties to the controversy." *Lewis v. Clarke*, 137 S. Ct. 1285, 1295 (2017) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980)). "Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro*, 446 U.S. at 460; *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 191–92 (1990) (explaining the "real party to the controversy" approach has been used to determine whose citizenship should be considered for diversity jurisdiction—not to determine whether a specific party is a citizen).[5]

---

[5] For the sake of clarity, the Court is not referring to the "real party in interest concept" used in the context of Federal Rule of Civil Procedure 17(a), which "is correctly applied only to those persons prosecuting an action, not to a defendant." *See Simpson v. Alaska State Comm'n for Human Rights*, 608 F.2d 1171, 1173 n.2 (9th Cir. 1979).

To illustrate, the Supreme Court held an insurance company was the real party to a controversy when sued under a state's "direct action" statute. *Lumbermen's Mut. Cas. Co. v. Elbert*, 348 U.S. 48 (1954). In *Elbert*, the plaintiff was allegedly injured in a car accident due to another person's negligence. *Id.* at 49. Both the plaintiff and the alleged wrongdoer were citizens of Louisiana, but the wrongdoer's insurer was a citizen of Illinois. *Id.* Louisiana's "direct action" statute allowed the plaintiff to bring an action against the insurer for benefits under the wrongdoer's insurance policy—without joining the wrongdoer as a defendant. *Id.* at 49–50. Using this statute, the plaintiff sued the insurance company in federal court based on diversity jurisdiction. *Id.* at 50.

To defeat diversity jurisdiction, the insurance company argued the "matter in controversy" was "the underlying tort liability of the alleged wrongdoer." *Elbert*, 348 U.S. at 50. Hence, the insurer argued the wrongdoer—not the insurer—was the real party defendant, and therefore the wrongdoer's citizenship should be considered to assess diversity jurisdiction. *See id.* at 50–51.

The Supreme Court rejected the insurer's argument. *Elbert*, 348 U.S. at 51. Looking to state law, the Court noted Louisiana courts had "differentiated between actions brought by an injured party against the insurer alone and those brought against either the tortfeasor alone or together with the insurer." *Id.* Among other differences, the Supreme Court noted that although "either type of action encompasses proof of the tortfeasor's negligence, in the separate suit against the insurer a plaintiff must also establish liability under the policy." *Id.* And Louisiana courts had characterized the direct action statute "as creating a separate and distinct cause of action against the insurer which an injured party may elect in lieu of his action against the tortfeasor." *Id.* The insurer also had "a direct financial interest in the outcome of [the] litigation." *Id.* Consequently, the Supreme Court determined the insurer is "not merely a nominal defendant but is the real party in interest."

Hence, it was proper to consider only the insurer's citizenship to determine diversity jurisdiction. *See id.* at 53.

Congress has since changed the diversity jurisdiction statute to address the exact situation in *Elbert*. *See* 13F Wright & Miller, *Federal Practice and Procedure* § 3629 (3d ed., Aug. 2019 update) (discussing the 1964 amendment to address corporate citizenship in direct actions). The diversity statute now provides:

> [A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance*, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—
>
> (A) every State and foreign state of which the insured is a citizen;
>
> (B) every State and foreign state by which the insurer has been incorporated; and
>
> (C) the State or foreign state where the insurer has its principal place of business[.]

28 U.S.C. § 1332(c)(1) (emphasis added). The purpose of this amendment was to prevent the outcome reached in *Elbert*; that is, "to keep the federal courts from being inundated by run-of-the-mill tort suits between citizens of the same state that could be filed or removed to federal court due to the state 'direct action' statutes and the diverse citizenship of the insurance company." *Burgoyne v. Frank B. Hall & Co. of Hawaii*, 781 F.2d 1418, 1420 (9th Cir. 1986). The term "direct action" used in the amendment means "those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901–02 (9th Cir. 1982).

This case is comparable to *Elbert*, but the tables are turned. Whereas in *Elbert* the insurer argued it was not the real party defendant to destroy diversity, here

Defendants are arguing an insurer is not the real party defendant to create diversity. And although the diversity statute now resolves the circumstances presented in *Elbert*, the statute does not fit this case for two reasons. First, this lawsuit names the Estate Defendant—not directly an "insurer"—as a defendant. *See* 28 U.S.C. § 1332(c)(1); *see also Beckham*, 691 F.2d at 901–02. Second, Plaintiffs added Johnson, the personal representative of McDonald's estate, to the lawsuit. *See* 28 U.S.C. § 1332(c)(1) (providing an additional citizenship rule for direct actions only when "the insured is not joined as a party-defendant").

Given that this case is comparable to *Elbert* but the diversity statute's direct action provision does not control, the Court finds the Supreme Court's "real party" approach in *Elbert* and other cases to be helpful. *See Elbert*, 348 U.S. at 51; *see also Navarro*, 446 U.S. at 465. Hence, the Court will look to state law to help it gauge whether the Estate Defendant is a nominal party and an insurer "is the real party" here as a matter of federal diversity jurisdiction. *Cf. Elbert*, 348 U.S. at 51; *see also Navarro*, 446 U.S. at 460.

### B. California Probate Code § 550

Plaintiffs invoke California Probate Code § 550 to sue the Estate Defendant for an accident that occurred in California.[6] But even though the Estate Defendant is a "named defendant in the action," the Estate Defendant is "not really a party because it is not a legal entity." *See Meleski v. Estate of Albert Hotlen*, 29 Cal. App. 5th 616, 624 (2018).[7] "The 'estate' of a decedent is not an entity known to the law. It is neither a natural nor an artificial person. It is merely a name to indicate the sum total of the assets and liabilities of a decedent." *Id.* (quoting *Tanner v. Estate of Best*, 40

---

[6] Although McDonald was a citizen of Washington, neither side suggests there is a choice-of-law issue or that Washington law applies to Plaintiffs' claims against the Estate Defendant. Indeed, as the Court explains below, the only reason Plaintiffs can proceed against both the Estate Defendant and Johnson is because of California's Probate Code.

[7] *See also* Fed. R. Civ. P. 17(b) (providing the court determines the "[c]apacity to sue or be sued" for an "other" party "by the law of the state where the court is located").

Cal. App. 2d 442, 445 (1940)). Because an estate is not a legal entity, it "can neither sue nor be sued." *Bright's Estate v. W. Air Lines*, 104 Cal. App. 2d 827, 829 (1951); *see also Hill v. Westbrook's Estate*, 95 Cal. App. 2d 599, 604 (1950) (explaining the action "should have been dismissed as to the estate" because it "is not a person or entity and cannot be sued"). Rather, an action must be brought against the estate's executor or administrator in the person's representative capacity. *E.g.*, *Golden Gate Undertaking Co. v. Taylor*, 168 Cal. 94, 97 (1914).

That said, California Probate Code § 550 allows a party to bring a cause of action against a nominal estate to recover under a decedent's insurance policy. Section 550(a) provides that "an action to establish the decedent's liability for which the decedent was protected by insurance may be commenced or continued against the decedent's estate without the need to join as a party the decedent's personal representative or successor in interest." Cal. Probate Code § 550(a). The action "shall name as the defendant, 'Estate of (name of decedent), Deceased.'" *Id.* § 552(a). However, the "[s]ummons shall be served on a person designated in writing by the insurer or, if none, on the insurer." *Id.* And the decedent's insurer "may deny or otherwise contest its liability in" the action. *Id.* § 553.

By default, the damages in an action under § 550 must be within the limits of the insurance policy or "recovery of damages outside the limits . . . shall be waived." Cal. Probate Code § 554(a). Similarly, a judgment under § 550 typically "is enforceable only from the insurance coverage and not against property in the estate." *Id.* If, however, the plaintiff joins the personal representative of the decedent's estate and also files a creditor's claim in probate, the judgment may exceed the policy's limits. *Id.* § 554(b); *see also id.* § 553 ("Unless the personal representative is joined as a party, a judgment in the action under this chapter or in the independent action does not adjudicate rights by or against the estate."). Finally, the remedy created under § 550 "is cumulative and may be pursued concurrently with other remedies." *Id.* § 550(b).

Plaintiffs sued the "Estate of Irene McDonald, deceased." (First Am. Compl. 3.) Therefore, they sued the Estate Defendant in the format specified by Probate Code § 552(a). Plaintiffs also noted the Estate Defendant is not a natural person and is being sued "[p]ursuant to Probate Code § 550 et. seq." (*Id.* 2.) Thus, it is apparent from the face of the First Amended Complaint that Plaintiffs are seeking to recover directly against an insurance policy under the rules prescribed by Probate Code §§ 550–55.[8]

### C. Impact on Diversity Jurisdiction

Defendants agree that Plaintiffs are proceeding against the Estate Defendant under Probate Code § 550, but they dispute this conclusion's impact on diversity jurisdiction. (Opp'n 4:2–5:16.) Defendants argue the Probate Code "statutes make clear that the action must be prosecuted against the estate," and state law thus demonstrates Plaintiffs' action is "at most, *indirectly* against the insurer." (*Id.* 4:8–12.) Consequently, Defendants contend "this litigation is not a direct action against the insurer," and therefore the insurer's citizenship should not be considered when assessing complete diversity of citizenship. (*Id.* 4:13–5:16.)

Although there is some support for Defendants' position, the Court is unconvinced. On balance, the California Probate Code and case law demonstrate an insurer is the real party defendant for Plaintiffs' § 550 action, and therefore any

---

[8] There is no dispute that such a policy is at issue. The parties' counsel were in contact regarding a liability policy issued by AAA before Plaintiffs moved to substitute the Estate Defendant under Probate Code § 550. (*See* Am. Notice of Removal Ex. A.) Thus, Plaintiffs served the First Amended Complaint on the Estate Defendant by serving AAA, which is consistent with Probate Code § 552(a)'s service requirement. (*See* Proof of Service of Summons on AAA.) And while this motion was pending, Defendants disclosed under Federal Rule of Civil Procedure 26(a)(1)(iv) the existence of "[a]utomobile liability insurance from the Interinsurance Exchange of the Automobile Club of Southern California effective 10/20/16 with policy limits of $1,500,000 consistent with—$500,000.00 primary automobile policy plus $1,000,000.00 Personal Umbrella Policy." (ECF No. 11.)

insurer's citizenship should be considered when "assessing diversity jurisdiction." *See Lewis*, 137 S. Ct. at 1295.

The California Probate Code supports this conclusion because the provisions summarized above create a cause of action that is akin to a direct action against an insurer. Like a direct action, an action under Probate Code § 550 seeks insurance benefits, and there is no requirement that the insured—the decedent's estate's representative—be joined or that a judgment first be obtained against the insured. *See Beckham*, 691 F.2d at 901–02. And although the action proceeds against a nominal estate defendant, the nominal defendant must be served via the insurer, the insurer has the right to contest its liability in the action, and a judgment up to the policy limits may be enforced against the insurer itself. Cal. Probate Code §§ 550, 52–54; *see also Meleski*, 29 Cal. App. 5th at 554; 24 Cal. Jur. 3d Decedents' Estates § 10 ("The action is, in effect, brought against the insurer, although the action must name the decedent's estate as defendant."). Hence, although the form of an action under Probate Code § 550 is not the same as a typical direct action, the substance of Probate Code §§ 550–55 reveals an insurer is similarly the real party to the controversy, and its citizenship should therefore count when a court is assessing diversity jurisdiction.

The California Court of Appeal's decision in *Meleski v. Estate of Albert Hotlen*, 29 Cal. App. 5th 616 (2018), also supports this outcome. There, the court addressed whether an insurance company is liable under California Code of Civil Procedure § 998 for costs after it rejects a settlement offer in an action brought under Probate Code § 550.[9] *Id.* at 620. The insurance company argued it could not "be forced by section 998 to pay costs because it was not a party to the action," but the

---

[9] Section 998 is California's offer-of-judgment statute. It "establishes a procedure for shifting the costs upon a party's refusal to settle. If the party who prevailed at trial obtained a judgment less favorable than a pretrial settlement offer submitted by the other party, then the prevailing party may not recover its own postoffer costs and, moreover, must pay its opponent's postoffer costs, including, potentially, expert witness costs." *Barella v. Exch. Bank*, 84 Cal. App. 4th 793, 798 (2000) (citing Cal. Civ. Proc. Code § 998(c)(1)).

court rejected this claim. *Id.* at 623, 626. After reviewing Probate Code §§ 550–55, the court reasoned the insurer was a party for purposes of Code of Civil Procedure § 998 because the insurer was the entity controlling the litigation and bearing the risk of loss. *Id.* at 625; *see also id.* at 620 (describing an insurance company as a "de facto party under Probate Code sections 550 through 555"). Indeed, the court noted the insurance company was "undeniably" the litigant, even though the "named defendant" was the estate.[10] *Id.*

This case differs from *Meleski* because Plaintiffs added McDonald's estate's representative—Johnson—to the action. Hence, an insurer behind the nominal Estate Defendant would not be "the only litigant for the defense" or necessarily be "in complete control of the litigation." *See Meleski*, 29 Cal. App. 5th at 625. But Plaintiffs had the option to substitute Johnson in lieu of the Estate Defendant, and they did not. *See* Cal. Prob. Code § 552(b). Further, Plaintiffs' statutory remedy against the Estate Defendant "is cumulative and may be pursued concurrently with"

---

[10] Other cases similarly view the insurer as the real defendant to an action brought under Probate Code § 550. *See, e.g.*, *Miller v. Zurich Am. Ins. Co.*, 41 Cal. App. 5th 247, 251 (2019) ("While named as a defendant, the Miller Estate "is a legal fiction – the defendant[s] [are] actually the insurers, Zurich and Allianz [Insurance Company]. Because . . . an 'estate' may not be sued . . ., [u]nder Probate Code § 550 . . . a plaintiff may directly sue an insurance company by naming [as defendant] . . . 'Estate of [Insured]' and then serving the insurer directly." (citation omitted) (alterations in original)); *Estate of Betty Goldberg v. Goss-Jewett Co.*, No. EDCV 14-1872 DSF (AFMx), 2016 WL 7479340, at *1 (C.D. Cal. Mar. 10, 2016) ("California Probate Code §§ 550, et seq. provides a mechanism for a quasi-direct action against an insurer up to the limits of the policy where the insured has died. . . . This creates a situation where the named defendant is technically the estate of the deceased insured, but the actual litigant is the insurer."); *Wright v. Estate of Johnson*, No. ED CV15-00005 JAK, 2015 WL 2412102, at *4 (C.D. Cal. May 19, 2015) (interpreting the California Probate Code to provide "a specific avenue to institute a quasi-direct action against an insurer"); *see also Brown v. Superior Court*, 19 Cal. App. 5th 1208, 1220 (2018) (listing the framework in Probate Code §§ 550–55 as an example of where a statute "permit[s] prosecution in the same of a person other than the real party in interest"); *Stewart v. Special Adm'r of Estate of Mesrobian*, 559 F. App'x 543, 549 (7th Cir. 2014) ("Under California law if Dr. Mesrobian's estate is covered by insurance, Stewart could proceed directly against the insurer without naming any estate representative." (citing Cal. Probate Code § 550(a))); *Great Am. Ins. Co. v. Berl*, No. CV 17-03767 SJO, 2017 WL 7667603, at *5 (C.D. Cal. Oct. 23, 2017) (noting California's Probate Code "creates a streamlined procedure for filing an action directly against a decedent's insurer").

their remedy against Johnson. *See id.* § 550(b); *see also Estate of Prindle*, 173 Cal. App. 4th 119, 134 (2009). Plaintiffs also can enforce a judgment up to the policy limits directly against the insurer. Therefore, Plaintiffs still have claims against the Estate Defendant that seek to recover directly under an insurance policy, and the Court remains convinced that an insurer is the de facto defendant for these claims. *See Meleski*, 29 Cal. App. 5th at 620.

In addition, the Court finds helpful the district court's consideration of Probate Code § 550 in the removal context in *Wright v. Estate of Johnson*, No. ED CV15-00005 JAK, 2015 WL 2412102 (C.D. Cal. May 19, 2015). There, the situation was different, but the court's diversity jurisdiction analysis is helpful because it shows the court believed a nominal estate defendant shares the citizenship of a corporate insurer. To explain, a California citizen sued a nominal estate under Probate Code § 550, and an insurer removed the action based on diversity jurisdiction. *Id.* at *1. The decedent was a citizen of California, but the insurer was a citizen of Michigan. *Id.* at *2. In opposing a motion to remand, the insurer argued the district court should consider only the insurer's citizenship and not that of the decedent because the insurer was "the real party in interest in the action." *Id.* at *4. The plaintiff, in turn, argued the insurer's citizenship was irrelevant and only the decedent's California citizenship should be considered, which would have destroyed complete diversity. *Id.*

The district court reviewed Probate Code §§ 550–55 and recognized that California does not permit direct actions against insurers. *Wright*, 2015 WL 2412102, at *3–5; *see also* Hon. Virginia Phillips et al., California Practice Guide: Federal Civil Procedure Before Trial, Cal. & Ninth Circuit Eds. § 2:1305 (noting direct actions "are not permitted in California or most other states"). The court reasoned, however, that even though "California does not, in general, permit direct actions, the California Probate Code provides a specific avenue to institute a quasi-direct action against an insurer." *Id.* at *5. Therefore, the court applied the direct action provision of the diversity statute, 28 U.S.C. § 1332(c)(1). *Id.* at *6. Meaning,

the court considered the estate defendant not only a citizen of Michigan—the state where the insurer was incorporated and had its principal place of business—but also a citizen of California—the state where the decedent was domiciled. *See id.* at *4, 6–7. Consequently, there was no complete diversity, and the court remanded the case because the insurer failed to meet its burden to show diversity jurisdiction. *Id.* at *7.

This case similarly differs from *Wright* because Plaintiffs added Johnson to the lawsuit. Thus, as mentioned, the direct action clause of the diversity statute is inapplicable. *See* 28 U.S.C. § 1332(c)(1). *Wright* still bolsters this Court's conclusion because the *Wright* court accepted that the insurer's citizenship plays a role in the diversity jurisdiction analysis for an action under Probate Code § 550. If the *Wright* court believed, as Defendants argue here, that a nominal estate defendant under § 550 has only the same citizenship as the decedent, then there would have been no reason for the court to reach the issue of whether the direct action clause applies to make the insurer in *Wright* a citizen of both Michigan and California. *See* 2015 WL 2412102, at *3–7.

Finally, the Court is unpersuaded by Defendants' reliance on *Smith v. Interinsurance Exchange*, 167 Cal. App. 3d 301 (1985), to support their argument that the Court should limit its consideration to the citizenship of the decedent. There, the California Court of Appeal held that the predecessor to Probate Code §§ 550–55 did not make the insurer a responsible party to the action, despite that the law required the insurer to accept service of the complaint and defend on behalf of the estate defendant. *Id.* at 304–05. As the Court of Appeal later recognized in *Meleski*, however, "the particular question [in *Smith*] was whether the plaintiff could sue the insurer for unfair claims practices and the estate to establish the decedent's liability in the same action." *Meleski*, 29 Cal. App. 5th at 625. Plaintiffs are not bringing unfair claims practices here; they are bringing claims that are only based on the decedent's alleged negligence. And the Court is regardless presented with a different issue than that considered in *Smith*. The Court is persuaded that as a matter of

diversity jurisdiction, the Court should look past the nominal Estate Defendant for the reasons explained above.

In sum, the California Probate Code and other authority demonstrate the Estate Defendant is a nominal defendant. An insurer is the real party defendant for Plaintiffs' action against the Estate Defendant under Probate Code § 550, but Defendants' Notice of Removal alleges the Estate Defendant simply shares the citizenship of the decedent. Given that the Court must "look to the real parties to the controversy" when "assessing diversity jurisdiction," the Notice is insufficient. *See Lewis*, 137 S. Ct. at 1295. There is also no suggestion from Defendants that complete diversity would exist if the Court were to consider the corporate citizenship of McDonald's insurer. Defendants bear the burden of establishing removal was proper in light of the strong presumption against removal jurisdiction. *See Gaus*, 980 F.2d at 566. They have not met this burden. The Court thus finds removal was improper and grants Plaintiffs' request to remand this case.

### D. Attorney's Fees

Plaintiffs also request an award of attorney's fees in their motion to remand. (Pl.'s Mem. 5:1–17.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[A]n award of fees under § 1447(c) is left to the district court's discretion." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 139. Although the Court concludes remand is appropriate, the Court does not find that an award of fees under § 1447(c) is warranted. Some authority supports Defendants' position, and Plaintiffs' remand motion raises issues that are not clear-cut. The Court thus denies Plaintiffs' request for attorney's fees.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes remand is appropriate, but the Court declines to award attorney's fees. Consequently, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion to remand. (ECF No. 2.) The Court **REMANDS** this action to the San Diego County Superior Court for lack of subject matter jurisdiction.[11] *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IT IS SO ORDERED.**

DATED: January 17, 2020

Hon. Cynthia Bashant
United States District Judge

---

[11] The Court also **GRANTS** Plaintiffs' motion for substitution of counsel (ECF No. 12). The Court substitutes John H. Gomez, Ben J. Coughlan, and Kacie B. Vinel of Gomez Trial Attorneys as counsel of record for Plaintiffs in place of Steven M. Nunez of SMN Law Group APC.